**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HEIDI SIPPEL HAAS**, on behalf of herself and others similarly situated, **)** | Case No. 1:22-cv-2071 |
| **)** | |
| Plaintiff, **)** | |
| **)** | **COLLECTIVE ACTION COMPLAINT** |
| v. **)** | |
| **)** | **JURY DEMAND INCLUDED HEREON** |
| **STERICYCLE, INC.,** **)** | |
| **)** | |
| Defendant. **)** | |

Plaintiff Heidi Sippel Haas ("Representative Plaintiff") for her Complaint against Defendant Stericycle, Inc. ("Defendant") alleges as follows:

## INTRODUCTION

1.      This case challenges Defendant' policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.      Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective and class claims occurred here.

## PARTIES

5.      Representative Plaintiff is a resident of Ohio who has been employed by Defendant within the last three years. Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

6.      Defendant is a for-profit corporation headquartered at 2355 Waukegan Rd., Bannockburn, Illinois 60015 (Lake County).

## FACTUAL ALLEGATIONS

7.      Defendant is a U.S. based business-to-business services company that provides compliance-based solutions across the United States, including waste management for healthcare organizations and commercial businesses.[1]

8.      Defendant employs or employed Plaintiff and those similarly situated as "Educators", whose job duties include traveling to various client locations to provide compliance training on such things as OSHA and HIPAA compliance.

9.      As part of their jobs, Educators travel extensively, servicing Defendant's clients across multiple cities, regions, and/or states. For example, Representative Plaintiff covered most of Ohio, most of Kentucky, most of West Virginia, and parts of Indiana.

10.     Educators routinely spend nights and even weeks away from their home communities.

---

[1] https://www.stericycle.com/en-us/about-us/company-overview/who-we-are (last viewed 4/18/22)

11.     Plaintiff and those similarly situated were non-exempt and entitled to the protections of the FLSA.

12.     At all relevant times, Representative Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.     At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## Misclassified as Independent Contractors

16.     Before approximately September 2019, Defendant misclassified Representative Plaintiff and those similarly situated as independent contractors, paying them on a per-visit basis of approximately $150 per visit.

17.     Representative Plaintiff and those similarly situated were misclassified as independent contractors because the economic reality was that they were employees of Defendant.

18.     The duties of Representative Plaintiff and those similarly situated are integral parts of Defendant's business, as they provided services directly to Defendant's clients and generated revenue for Defendant.

19.     Defendant directed and controlled the work of Representative Plaintiff and those similarly situated.

20.     Representative Plaintiff and those similarly situated were not required to have any unique or highly specialized skill, and whatever training was necessary for them to perform their job duties was provided by Defendant.

21.     Representative Plaintiff and those similarly situated were not required to make any investment in specialized equipment to perform their job duties.

22.     Representative Plaintiff and those similarly situated did not have the opportunity to increase their opportunities for profit or loss through managerial skill.

**Misclassified as FLSA Exempt**

23.     Starting in or around September 2019, Defendant reclassified Representative Plaintiff and those similarly situated from independent contractors to employees. However, Defendant misclassified them as exempt from the overtime requirements of the FLSA.

24.     In being reclassified as employees from independent contractors, their job duties were unchanged, but they were now paid a salary, with additional per-visit compensation on top of the salary once a certain number of visits were completed per month.

25.     For example, Representative Plaintiff was paid an annual salary of approximately $63,000, with a per visit bonus of approximately $250 after completing approximately 17 visits per month.

26.     Plaintiff and those similarly situated were not exempt. The primary job duties were not managerial in nature, they did not exercise discretion and independent judgment with respect to matters of significance, and their primary duties did not require advanced knowledge.

27.     Plaintiff and those similarly situated closely followed scripts and training procedures provided by Defendant.

28.     They were not required to have any particular degrees or prolonged courses of specialized intellectual instructions.

## Unpaid Overtime

29.     At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek. In fact, Representative Plaintiff and others similarly situated almost always, if not always, worked more than 40 hours per workweek, routinely working an average of 70 to 75 hours per week. For example, Representative Plaintiff estimates she worked more than 40 hours nearly every, if not every week, since she has been employed by Defendant during last three year relevant period.

30.     When Representative Plaintiff and all other similarly situated employees worked more than 40 hours in a workweek, they were not paid an overtime premium in an amount equal to 1.5 times their regular rate of pay.

31.     Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

32.     Representative Plaintiff incorporates  by reference the foregoing allegations as if fully rewritten herein.

33.     Representative Plaintiff brings  this  case as a collective action pursuant  to  29 U.S.C.  § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective").  The FLSA Collective is defined as:

> **All current and former Educators, including those with different job titles but similar duties, employed by Defendant from three years preceding the filing of this Complaint through the final disposition of this matter.**

34.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to them overtime premiums when they worked in excess of 40 hours in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36.     The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

**<u>COUNT ONE</u>**
**(FLSA Overtime Violations)**

37.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38.     Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

39.     The FLSA requires that Defendant's non-exempt Educators receive overtime compensation when they worked more than 40 hours in a workweek.

40.     As non-exempt employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

41.     Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

42.     At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

43.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44.     As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B.      Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective;

C.      Award compensatory damages to Representative Plaintiff and the FLSA Collective in the amount of their unpaid wages as well as liquidated damages in an equal amount;

D.     Award Representative Plaintiff and the FLSA Collective pre-judgment and/or post-judgment interest at the statutory rate; and,

E.     Award Representative Plaintiff and the FLSA Collective their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio 0086195)
**NILGES DRAHER LLC**
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
**NILGES DRAHER LLC**
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Max Barack (6312302)
**THE GARFINKEL GROUP, LLC**
6252 N. Lincoln Ave., Ste. 200
Chicago, IL 60659
Telephone: 312-736-7991
E: max@garfinkelgroup.com

*Counsel for Plaintiffs*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiffs*

8