# AGREEMENT TO ARBITRATE CLAIMS

Stericycle, Inc. ("Company") is instituting an Arbitration Program (the "Agreement" or "Arbitration Program"). Under this Agreement, any and all disputes, claims or controversies arising out of the employment relationship between the parties or the termination of that relationship, shall be resolved by final and binding arbitration. This Agreement covers any claims that Company may have against Employee, or that Employee may have against Company or against any of its officers, directors, employees, agents, or parent, subsidiary, or affiliated entities. The Agreement applies to any Employee who continues to work for Company after receiving a copy of this Agreement, unless Employee "opts out" as described below.

The claims covered by this Agreement include, but are not limited to, claims for wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to Employee by Company or to Company by Employee; personal, physical or emotional injury; fraud, misrepresentation, defamation, and any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment; violation of any federal, state or other governmental constitution, statute, ordinance or regulation (as originally enacted and as amended. This Agreement shall not apply to any dispute if an agreement to arbitrate such dispute is prohibited by law. Employees may learn more about their legal rights by visiting websites hosted by federal and state governmental agencies. Current links to some of these websites are listed below, although they are subject to change by the hosting agencies: www.dir.ca.gov; www.dir.ca.gov/dlse; www.fehc.ca.gov; www.dir.ca.gov/iwc; www.dol.gov; www.dol.gov/compliance/laws/comp-flsa.htm; www.dol.gov/dol/topic/wages/index.htm; and www.eeoc.gov/.

In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. The parties are entitled to be represented by their own legal counsel. After reviewing the evidence and considering the arguments of the parties, the arbitrator makes a decision (award) to resolve the dispute. The arbitrator's decision is final and binding and the right of either side to appeal is much more limited than in a court action. Arbitration normally is more informal, speedier, and less expensive than a lawsuit.

Any arbitration shall be conducted before a single arbitrator selected by the parties and shall be conducted under the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") then in effect. Employee may obtain a copy of the JAMS Rules by accessing the JAMS website at www.jamsadr.com. In the event JAMS is unable to handle the arbitration for any reason, then the arbitration shall be conducted under the AAA Employment Arbitration Rules then in effect, which may be obtained at the AAA website, www.adr.org. Employee acknowledges that, to the extent Employee seeks to review the JAMS or AAA Rules, he/she has that opportunity to do so. At the election of Employee, the arbitration shall take place either in Los Angeles, California or within 50 miles of the city in which Employee is or was last employed by Company. Other than $150 of any initial filing fee that Employee must pay to initiate the action with JAMS, Company will pay all forum costs, including any further filing fees, arbitrator fees, or administrative fees.

The arbitrator shall have the authority to order such discovery as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. The arbitrator is authorized to award any remedy or relief available under applicable law that would have been available to the parties had the matter been heard in a court. However, nothing in this Agreement shall prohibit or limit the parties from seeking provisional remedies under California Code

of Civil Procedure section 1281.8 or other similar state statutes that permit temporary injunctive relief from a court of competent jurisdiction notwithstanding the existence of an arbitration agreement. To the extent any temporary injunctive relief is obtained in court, however, the underlying merits dispute must be resolved through the arbitration procedures described in this Agreement.

The arbitrator shall have the authority to award attorney's fees and costs if a court would be authorized to make such an award under applicable law. The decision of the arbitrator shall be in writing and shall provide the reasons for the award. This Agreement is enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec 1 (the "FAA").

In the event a court determines in a particular case that this Agreement is lacking an employee protection required by statute, court decision, or public policy to avoid a finding that the Agreement is unconscionable, Company shall be entitled at its discretion to offer to Employee any protection the court deems necessary to preserve the enforceability of this Agreement in that particular case.

Company will provide a copy of this Agreement in Spanish to Spanish speaking employees who indicate they are unable to read English. Company has created a Spanish translation of this Agreement for such employees. However, in the event of alleged discrepancies between the English and Spanish versions of the agreement, conflicts will be resolved with reference to and by interpreting the English version.

Company reserves its right to amend or modify this Agreement at any time at its sole and discretion provided that it gives Employee thirty (30) days written notice of the same. Notwithstanding any provision in this Agreement to the contrary, if Company provides such notice, Employee may reject such a change by sending written notice of the rejection to **Keeper of the Records, Human Resources, 4010 North Commercial Drive, Northbrook, IL 60062** within 30 days of the issuance of the notice. By rejecting any such change, Employee will agree that the Arbitration agreement in effect with Employee immediately before the proposed change, if any, will apply to that Employee.

The parties agree that there is good and valuable consideration for the execution of the Agreement, including but not limited to, Employee's continued employment with Company and the requirement that the agreement to arbitrate claims is mutual between the parties.

Except as expressly indicated below, in the event that any provision of this Agreement is held to be void, null or unenforceable, the remaining portions will remain in full force and effect.

**UNDER THE ARBITRATION PROGRAM THE PARTIES WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.**

**THE PARTIES MAY NOT BRING CLAIMS AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION. THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR DISPUTES ON A CLASS, REPRESENTATIVE OR COLLECTIVE BASIS OR TO INTERPRET THIS AGREEMENT AS ALLOWING FOR CLASS, REPRESENTATIVE, OR COLLECTIVE ARBITRATION.**

**IF EITHER PARTY INITIATES OR JOINS IN A LAWSUIT OR ARBITRATION AGAINST THE OTHER PARTY IN VIOLATION OF THIS WAIVER AND A COURT OR ARBITRATOR DEEMS THE WAIVER TO BE UNENFORCEABLE FOR ANY REASON,**

**THEN TO THE EXTENT THE WAIVER IS INVALIDATED, CLAIMS SUBJECT TO THE INVALIDATED WAIVER SHALL NO LONGER BE SUBJECT TO ARBITRATION, BUT SHALL INSTEAD PROCEED IN COURT, WITH ALL REMAINING CLAIMS REMAINING SUBJECT TO ARBITRATION.**

Notwithstanding the unavailability of class or collective arbitration under this Agreement, nothing herein is intended to limit Employee's rights that exist under Section 7 of the National Labor Relations Act and Employee will not experience any retaliation from Company for exercising such rights.

If Employee has any questions about this Agreement, Employee may wish to consult an attorney about the pros and cons of this Agreement before making a decision whether to opt out of the Arbitration Program as permitted by the paragraph below.

**EMPLOYEE OPT-OUT RIGHTS:** EMPLOYEE HAS THIRTY (30) DAYS AFTER RECEIVING THIS AGREEMENT TO OPT OUT OF ARBITRATION. IF EMPLOYEE OPTS OUT, THEN NEITHER COMPANY NOR EMPLOYEE WILL BE BOUND BY THE TERMS OF THIS AGREEMENT. TO OPT OUT EMPLOYEE MUST: (1) NOTIFY COMPANY IN WRITING THAT EMPLOYEE IS OPTING OUT, (2) SIGN THE WRITING; AND (3) MAIL OR HAVE IT DELIVERED TO <u>KEEPER OF THE RECORDS, HUMAN RESOURCES, 4010 NORTH COMEMRCIAL DRIVE, NORTHBROOK, IL 60062</u> SO THAT HUMAN RESOURCES RECEIVES IT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE EMPLOYEE RECEIVED THIS AGREEMENT. SUCH WRITTEN NOTICE MAY SIMPLY STATE "I WISH TO OPT OUT OF THE ARBITRATION PROGRAM" OR WORDS TO THAT EFFECT. IF NO SUCH NOTICE IS DELIVERED BEFORE THE THIRTY-DAY DEADLINE, THEN THIS AGREEMENT WILL BECOME FULLY EFFECTIVE AND BINDING UPON THE DATE BELOW. IF EMPLOYEE OPTS OUT, THE DECISION TO DO SO WILL NOT ADVERSELY AFFECT EMPLOYEE'S EMPLOYMENT IN ANY WAY.

**I ACKNOWLEDGE THAT I HAVE CAREFULLY REVIEWED THIS AGREEMENT AND THAT I UNDERSTAND THAT I HAVE THIRTY (30) DAYS TO OPT OUT OF ARBITRATION IF I DO NOT WISH THIS AGREEMENT TO APPLY TO ME.**

**Acknowledgment of Receipt:**

Dated: _____, 2017    By: _____
                                                        **EMPLOYEE**

Dated: _____, 2017    **STERICYCLE, INC.**

                                                        By: _____

                                                        Its: _____

**Stericycle**

**ARBITRATION AGREEMENT ACKNOWLEDGEMENT**

I ACKNOWLEDGE THAT I HAVE CAREFULLY REVIEWED THIS AGREEMENT AND THAT I UNDERSTAND THAT I HAVE THIRTY (30) DAYS TO OPT OUT OF ARBITRATION IF I DO NOT WISH THIS AGREEMENT TO APPLY TO ME.

Acknowledgment of Receipt:

| | |
|---|---|
| Heidi Sippel (Electronically Signed) | 09/12/2017 |
| Partner Signature | Date |

Heidi.Haas [September 12, 2017 16:17:00 -0400]

| | |
|---|---|
| Keona Atkins (Electronically Signed) | 09/27/2017 |
| Manager or Stericycle Representative Signature: | Date |

Keona.Atkins [September 27, 2017 16:57:36 -0400]

EXHIBIT 1